**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

JONATHAN JOHNSON,

                        Plaintiff,

     v.                                         No. 14-CV-745
                                                   (LEK/CFH)

WILLIAM GONZALEZ, Deputy Commissioner, DOCCS; SCOTT WOODWARD, Grievance Supervisor, Upstate Correctional Facility; BRANDI WHITE, Grievance Supervisor, Upstate Correctional Facility; DAVID ROCK, (Former) Superintendent, Upstate Correctional Facility; BRIAN FISCHER, Commissioner, DOCCS; JOSEPH BELLNIER, Deputy Commissioner, DOCCS; GAYLE HAPONIK, Deputy Commissioner, DOCCS; DANIEL MARTUSCELLO, Deputy Commissioner, DOCCS; ANTHONY J. ANNUCCI, Acting Deputy Commissioner, DOCCS; KAREN BELLAMY, Director of Inmate Grievances, DOCCS; MIKE LIRA, Deputy Superintendent, Upstate Correctional Facility; MAUREEN BOLL, Deputy Commissioner, DOCCS; DR. CARL KOENIGSMANN, Deputy Commissioner, DOCCS; DONITA E. MCINTOSH, Deputy Superintendent, Upstate Correctional Facility; JEFF MCKOY, Deputy Commissioner, DOCCS; GEORGE GLASSANOS, Deputy Counsel, DOCCS,

                        Defendants.

---

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

| APPEARANCES: | OF COUNSEL: |
|---|---|
| JONATHAN JOHNSON<br>Plaintiff Pro Se<br>89-A-1042<br>Upstate Correctional Facility<br>Post Office Box 2001<br>Malone, New York 12953 | |
| HON. ERIC T. SCHNEIDERMAN<br>Attorney General for the<br>  State of New York<br>Attorney for Defendants<br>The Capitol<br>Albany, New York 12224-0341 | DAVID J. SLEIGHT<br>Assistant Attorney General |

## REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Jonathan Johnson ("Johnson"), an inmate currently in the custody of the New York State Department of Correctional and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, sixteen current and former DOCCS employees and employees of Upstate Correctional Facility, violated his constitutional rights under the First Amendment. Compl. (Dkt. No. 4). Presently pending is defendants' motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Dkts. No. 10, 11. Plaintiff was directed to respond to this motion by September 2, 2014, but has failed to do so. Dkt. No. 10. For the following reasons, it is recommended that defendants' motion for judgment on the pleadings be granted.

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 (b) and N.D.N.Y.L.R. 72.3 (c).

I. **Background**[2]

The facts are related herein in the light most favorable to Johnson as the non-moving party. See subsection II(A) infra. At all relevant times, Johnson was confined to Upstate Correctional Facility ("Upstate"). Compl. ¶ 3.

From 2011 to 2013, Johnson had filed or attempted to file a number of inmate grievances[3] for improper conduct by various staff members at Upstate. Compl. ¶ 4. Although unclear from the complaint, Johnson appears to contend he gave these grievances directly to defendants Woodward and White, both grievance supervisors at Upstate. Id. ¶ 5. Johnson alleges that defendants Woodward and White refused to properly file or process numerous grievances, as well as properly and timely submit appeals to the Central Office Review Committee ("CORC") and the Superintendent. Id. ¶¶ 3-5. When grievances were properly filed by defendants Woodward and White, Johnson alleges that they refused to allow him to obtain certain documents and denied him access to witnesses and videotaped footage relevant to the investigation of his grievances. Id. ¶ 7.

Johnson also alleges that defendants Bellnier, Haponik, Martuscello, Annucci, Bellamy, Boll, Koenigsmann, McKoy, Gonzales, Glassanos, Lira, and McIntosh failed to

---

[2] Johnson filed a notice to remand and to impose sanctions on defendants pursuant to Fed. R. Civ. P. 11 (Dkt. No. 6) which was denied by District Court Judge Lawrence Kahn because (1) Johnson's complaint, on its face, asserts a federal constitutional claim, i.e. the § 1983 claim; (2) Johnson points to nothing that would defeat the requisite subject matter jurisdiction (Dkt. No. 21); and (3) defendants' notice of removal was timely. Dkt. No. 21.

[3] The DOCCS "IGP [Inmate Grievance Program] is a three-step process that requires an inmate to: (1) file a grievance with the IGRC [Inmate Grievance Resolution Committee]; (2) appeal to the superintendent within four working days of receiving the IGRC's written response; and (3) appeal to the CORC [Central Office Review Committee] . . . within four working days of receipt of the superintendent's written response." Abney v. McGinnis, 380 F.3d 663, 668 (2d Cir. 2004) (internal quotations omitted).

supervise defendants Woodward and White to ensure the proper handling of his grievances and appeals. Compl. ¶ 10. Johnson also alleges that these defendants denied him access to, or failed to obtain, evidence relevant to his grievances. Id. ¶ 7. Johnson seeks compensatory and punitive damages. Id. ¶ 11.

## II. **Discussion[4]**

Johnson contends that defendants Woodward and White violated his First Amendment right of access to the courts by failing to submit in the proper manner and follow through with his grievances and appeals at Upstate. Compl. ¶¶ 3-6. Johnson also contends that defendants Bellnier, Haponik, Martuscello, Annucci, Bellamy, Boll, Koenigsmann, McKoy, Gonzales, Glassanos, Lira, and McIntosh violated his First Amendment right of access to the courts by failing to supervise defendants Woodward and White to ensure proper handling of his grievances and appeals. He also alleges that all defendants denied him access to certain evidence relevant to his grievances. Id. ¶ 7, 10. Finally, affording Johnson special solicitude,[5] his complaint may be read to suggest that all

---

[4] All unpublished opinions cited to by the Court in this Report-Recommendation are, unless otherwise noted, attached to this Report-Recommendation.

[5] When, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to special solicitude, . . . that a pro se litigant's submissions must be construed liberally,. . . and that such submissions must be read to raise the strongest arguments that they suggest. . . . . At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations, . . . or arguments that the submissions themselves do not suggest, . . . that we should not excuse frivolous or vexatious filings by pro se litigants . . . and that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law . . . .

Id. (citations and footnote omitted) (internal quotations omitted); see also Sealed Plaintiff v. Sealed Defendant

-4-

named defendants violated his procedural due process rights by failing to properly investigate his grievances. Compl. ¶¶ 7, 11.

As relevant here, defendants request judgment on the pleadings because (1) defendants' failure to follow the inmate grievance procedures does not give rise to a cognizable claim against defendants under § 1983; and (2) there are no factual allegations in the complaint against defendant Fischer.[6]

A. **Legal Standard**

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." Cleveland v. Caplaw, 448 F.3d 518, 521 (2d Cir. 2006) (citing Karedes v. Ackerley Group, Inc., 423 F.3d 107, 113 (2d Cir. 2005)). The Court is required to "accept[] as true the complaint's factual allegations and draw[] all inferences in the plaintiff's favor." Id. However, this "tenet . . . is inapplicable to legal conclusions[; thus, t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (holding that "entitlement to relief requires more than labels and

---

#1, 537 F.3d 185, 191-92 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally.'" (citations omitted)).

[6] Defendants Bellnier, Haponik, Martuscello, Annucci, Bellamy, Boll, Koenigsmann, McKoy, Gonzales, Glassanos, Lira, and McIntosh also argue that Johnson inadequately alleged their personal involvement in the alleged constitutional violations (Dkt. No. 11) which is a "prerequisite to an award of damages under § 1983." Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)). Because this Court finds, as discussed infra, that no constitutional violation has been alleged, it does not reach that issue.

-5-

conclusions, and a formulaic recitation of the elements of a cause of action . . . [as] courts are not bound to accept as true a legal conclusion couched as a factual allegation.")).

To defeat a motion to dismiss or a motion for judgment on the pleadings, a claim must include "facial plausibility . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556 (explaining that the plausibility test "does not impose a probability requirement . . . it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].")); see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that, "[o]n a motion to dismiss, courts require enough facts to state a claim to relief that is plausible . . . .") (citations omitted).

Still, "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (citations omitted). While a complaint attacked under the standard set forth in Rule 12(b)(6) does not require detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations omitted).

### B. Analysis

#### 1. **First Amendment Access to the Courts**

Johnson contends that defendants Woodward and White denied him his right of

access to the courts under the First Amendment by interfering with his right to file grievances and appeals and denying him access to certain relevant evidence. Johnson also claims that defendants Bellnier, Haponik, Martuscello, Annucci, Bellamy, Boll, Koenigsmann, McKoy, Gonzales, Glassanos, Lira, and McIntosh violated his right of access to the courts based upon their failure to supervise and ensure that defendants Woodward and White properly handled grievances and appeals. Id. ¶ 10.

The prisoner's right of access to the court system has been anchored by the United States Supreme Court in a variety of sources including "the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection, and Due Process Clauses." Christopher v. Harbury, 536 U.S. 403, 414-15 & n.12 (2002); see Lewis v. Casey, 518 U.S. 343, 346 (1996). However, because the IGPs are created under state law, and, thus, not required by the Constitution, allegations against prison officials for violation of, or interference with, those procedures cannot give rise to a cognizable claim under § 1983. Alvarado v. Westchester Cnty., 22 F. Supp. 3d 208, 214 (S.D.N.Y. 2014) (quoting Shell v. Brzezniak, 365 F. Supp. 2d 362, 369-70 (W.D.N.Y. 2005)). It has also been established that the "First Amendment is not implicated . . . where prison officials deny an inmate access to grievance procedures." Mimms v. Carr, No. 13-CV-2515 (VB), 2011 WL 2360059, at *10 (E.D.N.Y. June 9, 2011); see also Brown v. Graham, 470 F. App'x 11, 13 (2d Cir. 2012) (holding that a prisoner litigant's claim that he has a "federally-protected liberty interest in the state's compliance with its own prison grievance procedures is

meritless.").[7]

Johnson seeks relief based upon a denial of his right of access to the courts by the defendants' failure to properly submit and timely follow through with his grievance complaints and appeals made while at Upstate. Compl. ¶ 5. Additionally, Johnson alleges that when these complaints were properly filed, defendants Woodward and White did not allow him to obtain any documentary evidence or videotaped footage. Id. ¶ 7. It is clear, as discussed supra, defendants Woodward and White's apparent refusal or subsequent failure to file, provide evidence for, or follow through with the processing of grievances or appeals does not create a claim under § 1983 as there is no constitutional right to access to an inmate grievance program. See Brzezniak, 365 F. Supp. 2d at 370. Similarly, the remaining defendants' failure to properly supervise the filing or appeal of these grievances does not amount to a constitutional violation as there is no underlying denial of access to the courts. Id.

Insofar as Johnson's complaint may suggest that any of the named defendants failed to properly investigate grievances or instances of wrongdoing against him (Compl. ¶¶ 7, 11) in violation of the Due Process Clause, the Court notes that inmates do not have a due process right to a thorough investigation of grievances. See Torres v. Mazzurca, 246 F. Supp. 2d 334, 341-42 (S.D.N.Y. 2003).

Accordingly, it is recommended that defendants' motion on this ground be granted.

---

[7] Under the PLRA, a plaintiff whose access to the grievance process has been hindered by actions of prison officials is excused from the exhaustion requirement and can file suit without having completed that process. Hemphill v. New York, 380 F.3d 680, 686-92 (2d Cir. 2004). Thus, an inmate who is denied access to an IGP may directly commence an action to seek redress for the alleged constitutional violations.

C. **Failure to State a Claim Against Defendant Fischer**

The standard set forth in Twombly and affirmed in Iqbal requires more than mere conclusory statements; rather, it demands sufficient factual allegations against a defendant to reasonably lead to the discovery of illegal conduct. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555-56. "It is well-settled that 'where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.'" Dove v. Fordham Univ., 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) (quoting Morabito v. Blum, 528 F. Supp. 252, 262 (S.D.N.Y. 1981)).

In this case, the verified complaint lists defendant Fischer's name in the caption, but fails to again name or assert allegations against him. Compl. ¶ 1. Without any specific factual allegations asserted against defendant Fischer, he cannot be deemed a party in this action. See Dove, 56 F. Supp. 2d at 335.

Accordingly, it is recommended that defendants' motion on this ground be granted.

III. **Motion to Compel**

Because the undersigned recommends granting defendants' motion for judgment on the pleadings on all grounds against all defendants, it is also recommended that Johnson's motion to compel discovery (Dkt. No. 19) be dismissed as moot.

IV. **Conclusion**

For the reasons stated above, it is hereby

1. **RECOMMENDED** that defendants' motion for judgment on the pleadings (Dkt. Nos. 10, 11) be **GRANTED** and that judgment be entered for all defendants on all claims;

2. **RECOMMENDED** that plaintiff's motion to compel discovery (Dkt. No. 19) be **DISMISSED** as moot.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: February 20, 2015
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge