UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHNATHAN JOHNSON,

                Plaintiff,

      -against-                                  9:14-CV-0745 (LEK/CFH)

WILLIAM GONZALEZ, *et al.*,

                Defendants.

**DECISION and ORDER**

**I.**     **INTRODUCTION**

This civil rights action comes before the Court following a Report-Recommendation filed on February 20, 2015, by United States Magistrate Judge Christian F. Hummel, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Dkt. No. 23 ("Report-Recommendation"). *Pro se* Plaintiff Johnathan Johnson ("Plaintiff") timely filed Objections. Dkt. No. 24 ("Objections"). For the following reasons, the Report-Recommendation is adopted in its entirety.

**II.**     **STANDARD OF REVIEW**

When a party makes a timely objection to a Report-Recommendation, it is the duty of the Court to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

**III. DISCUSSION**

Plaintiff first argues that Defendants' Motion for judgment on the pleadings was improperly filed, and thus Judge Hummel erred in considering the merits of the Motion. Objs. ¶¶ 9-12; see also Dkt. No. 11. Specifically, Plaintiff argues that Defendants waived their "defense of Rule 12(c)" by failing to include such request for relief in their Answer. Objs. ¶¶ 9-12. However, Plaintiff is misguided. Federal Rule of Civil Procedure 12(c) explicitly provides that "*after the pleadings are closed* . . . a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c) (emphasis added). Rule 12(c) does not require a defendant to move for judgment on the pleadings in her answer. See id. Accordingly, Plaintiff's first objection is without merit.

Plaintiff next objects to Judge Hummel's finding that Plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1983 for Defendants' refusal to file Plaintiff's grievances and appeals. Objs. ¶¶ 13-20. In support, Plaintiff cites numerous cases where inmates brought First Amendment claims related to issues with the Inmate Grievance Program ("IGP"). See id. However, the cases on which Plaintiff relies all involve First Amendment *retaliation* claims. See Gayle v. Gonyea, 313 F.3d 677 (2d Cir. 2002); Graham v. Henderson, 89 F.3d 75 (2d Cir. 1996); Scott v. Coughlin, 344 F.3d 282 (2d Cir. 2003); Morales v. Mackalm, 278 F.3d 126 (2d Cir. 2002). Here, Plaintiff is alleging an entirely different cause of action—denial of access to the courts. Therefore, these cases cited in support of Plaintiff's argument are irrelevant.

In further support, Plaintiff cites Govan v. Campbell, 289 F. Supp. 2d 289, 297 (N.D.N.Y. 2003), in which the Court held that "[p]risoners retain the constitutional right to petition the

2

government for the redress of grievances." (citing Overton v. Bazzetta, 539 U.S. 126, 137 (2003)). However, a careful reading of Overton reveals that the Supreme Court was referring to "grievances" only in a broad sense; the Court was not referring to the Inmate "Grievance" Program. Id. at 137. Moreover, it is well-settled in the Second Circuit that allegations that prison officials failed to comply with the IGP do not state a viable claim under § 1983. See Alvarado v. Westchester Cnty., 22 F. Supp. 3d 208, 214 (S.D.N.Y. 2014) ("Notwithstanding the First Amendment's guarantee of the right to petition the government for redress, 'inmate grievance programs created by state law are not required by the Constitution, and consequently allegations that prison officials violated those procedures [do] not give rise to a cognizable [Section] 1983 claim.'" (quoting Shell v. Brzezniak, 365 F. Supp. 2d 362, 369-70 (W.D.N.Y. 2005)); see also Mimms v. Carr, No. 09-CV-5740, 2011 WL 2360059, at *10 (E.D.N.Y. June 9, 2011) ("The First Amendment is not implicated . . . where prison officials deny an inmate access to grievance procedures."). Accordingly, Plaintiff's second objection is also without merit.

Plaintiff's third objection is that Judge Hummel erroneously combined Plaintiff's allegations concerning filing of his grievances with his separate allegations concerning denial of access to evidence. Objs. ¶¶ 21-26. However, a careful reading of the Report-Recommendation reveals that Judge Hummel did not conflate Plaintiff's allegations. Rather, Judge Hummel considered each allegation as a separate claim of denial of access to the courts. See Report-Rec. at 7-8. Thus, Plaintiff's third objection is also without merit.

Finally, Plaintiff argues that his Complaint should not be dismissed because, even if his § 1983 claims are dismissed, he has also alleged violations of the New York Constitution. Objs. ¶¶ 27-36. Plaintiff's argument must be rejected for two reasons. First, even liberally construed,

3

Plaintiff has not asserted any claims under the New York Constitution in his Complaint. See generally Dkt. No. 4 ("Complaint"). Second, even if Plaintiff's claims were construed to allege violations of the New York Constitution, it would not be proper for the Court to exercise supplemental jurisdiction in light of dismissal of all of Plaintiff's federal claims. See 28 U.S.C. § 1367(c)(3). Therefore, dismissal of Plaintiff's Complaint is warranted.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 23) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' Motion (Dkt. No. 11) for judgment on the pleadings is **GRANTED**; and it is further

**ORDERED**, that Judgment be entered in favor of Defendants on all claims; and it is further

**ORDERED**, that Plaintiff's Motion (Dkt. No. 19) to compel is **DENIED as moot**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: March 13, 2015
Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge